JENNER & BLOCK LLP
Brent Caslin (Cal. Bar No. 198682)
bcaslin@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
Kirsten Jackson (Cal. Bar No. 265952)
kjackson@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendants
Grubb & Ellis Company
and Michael J. Rispoli

FILED
2011 DEC 15 PM 3:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| S. SIDNEY MANDEL and PAUL D. BERNSTEIN, in their capacity as Co-Trustees of the Sidney J. Bernstein Trust dated November 25, 1987 for the benefit of Elaine S. Bernstein, the Sidney J. Bernstein Trust dated November 25, 1987 for the benefit of Paul D. Bernstein, and the Sidney J. Bernstein Trust dated November 25, 1987 for the benefit of Anne L. Bernstein; and the following Delaware limited liability companies: NNN 1 & 2 MET CENTER 1, LLC; NNN 250 E. FIFTH STREET 1, LLC; NNN 2716 NORTH TENAYA 10, LLC; NNN 300 FOUR FALLS 14, LLC; NNN AVENTURA HARBOUR CENTRE 18, LLC; NNN CHATHAM COURT/REFLECTIONS 30, LLC; NNN WESTLAKE VILLAS 19, LLC; NNN 1 & 2 MET CENTER 2, LLC; NNN 250 E. FIFTH STREET 2, LLC; NNN 2716 NORTH TENAYA 11, LLC; NNN 300 FOUR FALLS 15, LLC; NNN AVENTURA HARBOUR CENTRE 19, LLC; NNN CHATHAM COURT/REFLECTIONS 31, LLC; NNN WESTLAKE VILLAS 20, LLC; NNN 1 & 2 MET CENTER 3, LLC; NNN 250 E. FIFTH STREET 3, LLC; NNN 2716 NORTH TENAYA 12, LLC; NNN 300 | Case No. **SACV11-01940 RNB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)** |

Notice of Removal

COPY

1  FOUR FALLS 16, LLC; NNN AVENTURA HARBOUR CENTRE 20, LLC; NNN CHATHAM COURT/REFLECTIONS 32, LLC; NNN WESTLAKE VILLAS 21, LLC,

        Plaintiffs,

   v.

   GRUBB & ELLIS REALTY INVESTORS, LLC, a Virginia limited liability company; GRUBB & ELLIS COMPANY, a Delaware corporation; IUC-SOV, LLC, a Delaware limited liability company (in place of Doe Defendant No. 1); DAYMARK REALTY ADVISORS, INC., a Delaware corporation (in place of Doe Defendant No. 2); NNN REALTY ADVISORS, INC., a Delaware corporation (in place of Doe Defendant No. 3); GRUBB & ELLIS SECURITIES, INC. (formerly NNN Capital Corp.), a California corporation (in place of Doe Defendant No. 4); LOUIS J. ROGERS, an individual (in place of Doe Defendant No. 5); JEFFREY T. HANSON, an individual (in place of Doe Defendant No. 6); MICHAEL J. RISPOLI, an individual (in place of Doe Defendant No. 7); STEVEN M. SHIPP, an individual (in place of Doe Defendant No. 8); SCOTT PETERS, an individual (in place of Doe Defendant No. 9); ANDREA R. BILLER, an individual (in place of Doe Defendant No. 10); and DOES 11 through 250, inclusive,

        Defendants.

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367 and 15 U.S.C. § 78aa, defendant Grubb & Ellis Company and Michael J. Rispoli hereby remove to this Court the state court action described below. In support of this Notice of Removal, Grubb & Ellis Company and Michael J. Rispoli allege as follows:

1. On February 14, 2011, the plaintiffs filed the above-captioned action as Civil Case No. 30-2011 00449598 in the Superior Court of the State of California, County of Orange. A copy of the Complaint is attached as Exhibit A. The plaintiffs' Complaint named Grubb & Ellis Realty Investors, LLC and Does 1-10 as defendants. The Complaint alleged state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. The Complaint stated no federal law claims.

2. On July 1, 2011, the plaintiffs filed a First Amended Complaint naming an additional defendant – Grubb & Ellis Company. A copy of the First Amended Complaint is attached as Exhibit B. The plaintiffs' First Amended Complaint alleged state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. The First Amended Complaint stated no federal law claims.

3. On November 21, 2011, the plaintiffs filed a Second Amended Complaint naming several additional defendants – IUC-SOV, LLC, Daymark Realty Advisors, Inc., NNN Realty Advisors, Inc., Grubb & Ellis Securities, Inc., Louis J. Rogers, Jeffrey T. Hanson, Michael J. Rispoli, Steven M. Shipp, Scott Peters, Andrea R. Biller, and Does 11-250. A copy of the Second Amended Complaint is attached as Exhibit C. The plaintiffs' Second Amended Complaint pleads federal law claims for the first time, including violations of Section 10(b) of the 1934 Securities Exchange Act and SEC Rule 10b-5.

4. This Court has exclusive subject matter jurisdiction over the plaintiffs' claims for violations of Section 10(b) of the 1934 Securities Exchange Act and SEC Rule 10b-5 under 15 U.S.C. § 78aa, which provides: "the district courts of the United

States . . . shall have exclusive jurisdiction of violations of" the 1934 Securities Exchange Act. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 370 (1996) (15 U.S.C. § 78aa "unequivocally confers exclusive jurisdiction upon the federal courts for suits brought to enforce the Act or rules and regulations promulgated thereunder"); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. Cal. 1998) ("Because federal courts are vested by 15 U.S.C. § 78aa with the exclusive jurisdiction over actions brought 'to enforce any liability or duty' created by exchange rules, the district court properly determined that subject matter jurisdiction existed at the time of removal.").

5. Accordingly, this civil action may be removed to this Court under 28 U.S.C. § 1441(b), in that this Court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Because the state court action is pending in the Orange County Superior Court in Santa Ana, California, removal of the state court action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

6. Moreover, this Court has supplemental jurisdiction over the plaintiffs' remaining state law claims pursuant to 28 U.S.C. §1367, which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The plaintiffs' state law claims are sufficiently related to their 1934 Act claims so as to form part of the same case or controversy. *See Walling v. Beverly Enters.*, 476 F.2d 393, 393-94 (9th Cir. 1973) (exercising supplemental jurisdiction over breach of contract claims where federal jurisdiction was based on 1934 Act).

7. Pursuant to 28 U.S.C. § 1446(b), where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable."

8. The plaintiffs' initial Complaint and First Amended Complaint alleged solely state law claims. Only when Grubb & Ellis Company received a courtesy copy of the Second Amended Complaint via email on November 22, 2011 did it become apparent that the plaintiffs were alleging new federal law claims, including violation of Section 10(b) of the 1934 Securities Exchange Act and SEC Rule 10b-5. A copy of the November 22, 2011 email attaching a courtesy copy of the Second Amended Complaint is attached as Exhibit D.

9. This Notice of Removal is thus timely filed within thirty days of receipt of the Second Amended Complaint on November 22, 2011. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained.").

10. Because federal jurisdiction over violations of the 1934 Exchange Act is exclusive, consent of all defendants is not required. *E.g., Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc.*, 706 F. Supp. 111, 113 n.3 (D. Puerto Rico 1988) ("Of course, if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove."); *CCW Mgmt., LLC v. Global Holdings Group, LLC*, No. 10-3218, 2011 U.S. Dist. LEXIS 80366, at *8-9 (D.S.C. July 21, 2011) ("Because this court has exclusive jurisdiction over Plaintiff's federal securities claim, consent of all the served Defendants is not required."); *Ackerman v. Nat'l Prop. Analysts, Inc.*, No. 92-0022, 1992 U.S. Dist. LEXIS 4761, at *1 (S.D.N.Y. Apr. 9, 1992) ("While the unanimous consent of all defendants is usually a precondition to removal, it is not required where the federal courts have exclusive jurisdiction over a cause of action upon which removal is based."); *State Med. Equip. Co. v. Farber*, Civ. A. No. 95-2596, 1995 U.S. Dist. LEXIS 7799, at *2 (E.D. Pa. June 1, 1995) ("Where federal courts have exclusive jurisdiction the requirement that all defendants must consent to

removal must yield to logic, as there can be no way for any defendant to prevent removal of a case to federal court when that case can only be heard in federal court.").

11. Moreover, there is no indication that any defendants other than Grubb & Ellis Realty Investors, LLC, Grubb & Ellis Company, and Michael J. Rispoli have been served. *See* Docket for Case No. 30-2011 00449598, dated December 14, 2011, attached as Exhibit E (showing no Proof of Service filed for Second Amended Complaint as to defendants other than Grubb & Ellis Realty Investors, LLC and Grubb & Ellis Company). Thus, even if consent of all served defendants was required, those other defendants need not join in the removal. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."); *Green v. Alliance Title*, No. 10-0242, 2010 U.S. Dist. LEXIS 92203, at *8-9 (E.D. Cal. Sept. 2, 2010) (denying remand because no proof of service for non-joining defendants). Grubb & Ellis Realty Investors, LLC represented on December 13, 2011 that it does not oppose removal of this action.

12. A true and correct copy of Grubb & Ellis Company and Michael J. Rispoli's Answer and Affirmative Defenses to Second Amended Complaint is attached as Exhibit F, along with an acknowledge of receipt evidencing that it was filed with the Orange County Superior Court on December 14, 2011.

13. True and correct copies of all documents available in the Superior Court file, as evidenced by the copy of the docket attached as Exhibit E, that are not otherwise attached as exhibits hereto, are attached as Exhibit G.

14. Based on the foregoing, Grubb & Ellis Company hereby removes this action from the Orange County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law. Concurrently with the filing of this Notice, Grubb & Ellis Company has provided a written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the clerk of the Superior Court.

5
Notice of Removal

DATED: December 15, 2011

JENNER & BLOCK LLP

*/s/ Brent Caslin*
Brent Caslin

Attorneys for Defendants
Grubb & Ellis Company
and Michael J. Rispoli

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
S. Sidney Mandel and Paul D. Bernstein, in their capacity as Co-Trustees of the Sidney J. Bernstein Trust dated November 25, 1987, et al.

**DEFENDANTS**
Grubb & Ellis Realty Investors, LLC, Grubb & Ellis Co., IUC-SOV, LLC, Daymark Realty Advisors, Inc., NNN Realty Advisors, Inc., Grubb & Ellis Securities, Inc., Louis J. Rogers, Jeffrey T. Hanson, Michael J. Rispoli, et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Cadden & Fuller LLP
Thomas H. Cadden, John P. Taylor, & Charlene A. Busch
114 Pacifica, Ste. 450, Irvine, CA 92618

**Attorneys** (If Known)
JENNER & BLOCK LLP
Brent Caslin, Kelly M. Morrison, & Kirsten C. Jackson
633 W. 5th Street, Suite 3600
Los Angeles, CA 90071

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 26,528,281.45

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 78J(b), SEC Rule 10b-5, 15 U.S.C. 78t(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV11-01940 RNB**

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A  Arise from the same or closely related transactions, happenings, or events, or
☐ B  Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C  For other reasons would entail substantial duplication of labor if heard by different judges, or
☐ D  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named plaintiff resides
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
|  | S. Sidney Mandel (New York); Paul D. Bernstein (New York); All Other Plaintiffs (Delaware) |

(b) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Grubb & Ellis Securities, Inc. (Orange County); Jeffrey T. Hanson (Orange County); Michael J. Rispoli (Orange County); [other individual defendants (unknown)] | Grubb & Ellis Realty Investors, LLC (Virginia); Grubb & Ellis Co. (Delaware); IUC-SOV, LLC (Delaware); Daymark Realty Advisors, Inc. (Delaware); NNN Realty Advisors, Inc. (Delaware); Louis J. Rogers (Virginia) |

(c) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| All Claims (Orange County) |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X SIGNATURE OF ATTORNEY (OR PRO PER) _____  Date 12/15/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |